Montgomery *et al.*, executors, *v.* Payne.

In the trial of a claim case involving the title to an undivided one-fifth of a tract of land, the claim having been filed by the wife of the defendant in a mortgage *fi. fa.*, it was error to reject, when offered by the plaintiffs in *fi. fa.*, a deed older than the mortgage, which deed was made by the husband under the provisions of section 1969 *et seq.* of the code, conveying the entire tract for the purpose of securing a debt to another creditor, there being on the deed an entry signed by the wife in these words: "After having been made acquainted with the contents of the foregoing deed, and being fully informed of its purpose and the object intended to be accomplished thereby, I, Sallie L. Payne, do hereby voluntarily and of my own free will and accord consent thereto." It was also error to reject a deed, made before the execution of the mortgage, by which this other creditor reconveyed without warranty, save as to himself, his heirs, executors and administrators, the tract of land in question to the husband alone; and also to reject evidence tending to show that after the mortgage was executed the wife had applied for a homestead in the tract as the property of her husband, it appearing that the wife had inherited an undivided one fifth of the land from her father's estate, but that she and her husband had lived upon it together for many years. The evidence in question, while not sufficient to absolutely estop the wife from asserting title against the executors of the mortgagee, was admissible in determining the question of title made by the issue in the claim case.

March 19, 1894. Argued at the last term.

Levy and claim.   Before Judge HENRY.   Floyd superior court.   March term, 1893.

DABNEY & FOUCHÉ and J. S. FOUCHÉ, for plaintiff.
DEAN & SMITH, by brief, *contra*.

SIMMONS, Justice.

Mrs. Payne inherited an undivided one fifth of the land in dispute from her father.   In 1878 her husband made to John M. Berry a warranty deed conveying the premises in dispute, to secure a loan under section 1969 *et seq.* of the code.   On this deed was indorsed a statement in writing, signed by Mrs. Payne, that after having been made acquainted with the contents of the deed and being fully informed of its purpose, she of her own free will consented thereto.   In 1883 Berry reconveyed the premises to Payne, and the conveyance was recorded on the day it was dated.   Payne afterwards, on the 17th of January, 1884, gave to Thomas Berry a mortgage on the same land, and Payne failing to pay at maturity the note to secure which this mortgage was given, the mortgage was foreclosed and the land levied upon under the judgment of foreclosure; and Mrs. Payne interposed a claim to an undivided interest in the land.   On the trial of the claim, the plaintiff offered as evidence the deed to John M. Berry, with written indorsement of Mrs. Payne thereon, above referred to, and also the reconveyance by John M. Berry to Payne of the same premises.   The plaintiff also offered to prove, that after the mortgage to Thomas Berry was executed, Mrs. Payne applied for a homestead in this land as the property of her husband, but that on account of objection by the husband, the application was never acted upon.   The court, on objection of the claimant, ruled this evidence inadmissible, and the plaintiff assigns error thereon.

We think the evidence was admissible.   While it was not sufficient to absolutely estop Mrs. Payne from assert-

ing title against the mortgagee, it was admissible in determining the question of title made by her in the claim case. It was admissible for the purpose of showing that the title to the premises in dispute was in Payne at the time the mortgage was executed, and that his wife, the claimant, had knowledge of the state of the title at that time. The deed from Payne to John M. Berry might have estopped her from claiming the land as against John M. Berry, but we cannot say that it would have the same effect in favor of Thomas Berry. Whether it would or not might depend upon her knowledge of the facts and the knowledge Thomas Berry may have had of the true state of the title, and upon whether he acted upon the admissions made by her or not. The deed of John M. Berry reconveying the premises to Payne, and its record, would tend to show notice on the part of the wife that the title was in him at the time the mortgage was executed. Her application to the ordinary for a homestead in the land would also tend to show that she recognized the title of her husband in the whole tract.                *Judgment reversed.*